**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 09-96-JBC**

**MICHAEL W. MURPHY, ET AL.,**                                    **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**CITY OF RICHMOND,**                                    **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on plaintiff's motion for remand (R.5) and the

defendant's motion to dismiss, for judgment on the pleadings, and/or for summary

judgment (R. 4).  The motions will be granted in part and denied in part in

accordance with this opinion.

**I.      Procedural Background**

This case involves the construction of a new sewage treatment facility in

Madison County, Kentucky.  The plaintiffs, Michael and Alice Murphy, brought suit

in state court against the defendant, the City of Richmond, on behalf of the

Richmond Utilities Board ("RUB").  R. 1, Attach. 1.  Count One of the Murphys'

complaint alleges that defendant's construction and operation of new sewer lines

and a new sewer facility constituted a "taking without just compensation," in

violation of their "rights under Amendment 5 of the Constitution of the United

States of America" and § 242 of the Constitution of the Commonwealth of

Kentucky, as well as "other lawful authority."  *Id*.  Count Two invokes several

1

provisions of the Uniform Relocation Assistance Act of 1970, 42 U.S.C. §

4601–4605 (2009) ("URA") and the Act's corresponding regulations in 49 C.F.R. §

24 (2009).  *Id.*

The defendant removed the case to federal court based on federal question

jurisdiction.  The civil cover sheet accompanying the defendant's Notice of Removal

erroneously listed "Diversity" as the basis for jurisdiction.  R. 1, Attach. 2.

Although plaintiffs argue the defendant removed based on diversity jurisdiction (R.

5), the actual removal notice clearly stated that removal was based on federal

question jurisdiction pursuant to 28 U.S.C. § 1331, § 1367, and § 1441.  (R. 1,

2).  The defendant filed a motion to dismiss, motion for judgment on the pleadings,

and/or a motion for summary judgment.  R. 4.  Shortly thereafter, the plaintiff

moved to remand the case to Madison Circuit Court.  R. 5.

## II.    Motion to Dismiss

Count Two will be dismissed for lack of subject matter jurisdiction.  The

Murphys seek the full cost of their inverse condemnation action, and rely on several

provisions of the URA and its implementing regulations, codified at 49 C.F.R. §

24.107. The URA, however, did not establish a cause of action for enforcing these

provisions.  Rather, § 4602 of the URA provides that:

> (a) The provisions of section 301 of title III of this Act (42 U.S.C.S. § 4651)
> create no liabilities and shall not affect the validity of any property
> acquisitions by purchase or condemnation.
> (b) Nothing in this Act shall be construed as creating in any condemnation
> proceedings brought under the power of eminent domain any element of
> value or of damage *not in existence immediately prior to the date of*

*enactment of this Act*.

42 U.S.C. § 4602 (emphasis added).  Instead, judicial review of agency decisions, including those related to litigation expenses, is governed by the Administrative Procedures Act, which was in existence at the time of the URA's enactment. *Barnhart v. Brinegar*, 362 F. Supp. 464, 472 (W.D. Mo. 1973).  *See* 5 U.S.C. § 702.  Because the APA is the exclusive remedy for alleged violations of the URA, to the extent that the Murphys rely on provisions of the URA, their claims fail as a matter of law.

The Murphys also argue that 49 C.F.R. § 24.107 entitles them to reimbursement for litigation expenses.  R. 1, Attach. 1.  Section 24.107(c) provides that an owner of real property shall be reimbursed for litigation expenses incurred due to a condemnation proceeding if "[t]he court having jurisdiction renders a judgment in favor of the owner in an inverse condemnation proceeding or the Agency effects a settlement of such proceeding."  This court lacks jurisdiction over this claim, however, because the Murphys have failed to exhaust administrative remedies.  The process for the review of agency actions is detailed in 49 C.F.R. § 24.10.  Specifically, any aggrieved person may file a written appeal with the Agency in any case in which the person believes that the Agency has failed to properly consider the person's application for claims, including those seeking payment for litigation expenses pursuant to § 24.107.  If the agency does not grant the full relief requested, then "the Agency shall advise the person of his or her right

3

to seek judicial review of the Agency decision."  49 C.F.R. § 24.10.

The Relocation Assistance Policy and Guidelines ("the policy") adopted by the Richmond Utilities Board implements 49 C.F.R. § 24, and details the procedures for appealing RUB determinations.  The Murphys argue that they should not have to utilize administrative remedies that were not in place at the time this lawsuit was filed[1].  R. 13.  Although there are exceptions to exhaustion requirements, the Murphys provide no legal support for their contention that the timing of the policy's adoption now excuses them from having to exhaust administrative remedies.  Nor do the Murphys attack the adequacy of the procedures themselves.   Because the Murphys must exhaust administrative remedies before seeking judicial review of their claim for litigation expenses, Count Two will be dismissed without prejudice.

## II.   Remand

Due to the imprecise language of the complaint, there is some question regarding whether the Murphys intended to plead a federal constitutional claim in Count One.  Despite this ambiguity, the court finds that Count One is a state law claim for inverse condemnation.  The complaint alleges violations of the Fifth Amendment of the United States Constitution, but does not mention § 1983, the federal cause of action for such claims.  R. 1, Attach. 2.  In addition, the prayer for

---

[1]The instant case was filed in state court on February 20, 2009.  R. 1, Attach. 1.  The RUB adopted the Richmond Utilities Board Policy and Guidelines for Relocation Assistance for Displaced Persons Under 42 U.S.C. § 4601 et. seq. and 49 C.F.R. 24 on March 18, 2009. R. 15, Attach. 1. That same day, the RUB notified the Murphys that it had terminated negotiations for the purchase of their property, and advised them that the Murphys could appeal that decision through following the procedures outlined in RUB policy.  R. 2, Attach. 1.  A copy of that policy was enclosed for their review.  *Id.*

relief requests compensation for a taking, but does not specify whether the claim is pursuant to the Fifth Amendment of the United States Constitution, § 242 of the Commonwealth's Constitution, or both.  In subsequent briefings, the Murphys emphasize that this is a "garden variety inverse condemnation claim," and request that the federal constitutional claim be "held in abeyance."  R. 13.   It is not clear whether this request refers to a claim stated in the complaint or to a claim that is not part of the complaint.

Despite this ambiguity, the court will construe the complaint as a purely state law claim for inverse condemnation.  Although the Murphys' later filings seem to contradict their complaint to some degree, the language of the complaint itself largely indicates that the Murphys mentioned the Fifth Amendment for emphasis and did not intend to allege a federal constitutional violation.   *See Warthman v. Genoa Township Bd. of Trs.*, 549 F.3d 1055, 1064 (6th Cir. 2008) (explaining that the mere mention of a federal issue in a state claim does not automatically confer federal question jurisdiction, and that "plaintiffs whose state law claims do nothing more than make reference to a federal constitutional provision or statute should not be *required* to expressly forego federal claims in their complaints in order to avoid removal.") (citation omitted).  First, the Murphys did not invoke § 1983, the federal cause of action for seeking redress for constitutional violations.  28 U.S.C. § 1983. Second, their failure to mention the federal constitution in their prayer for relief implies that they intended to restrict their complaint to state law claims.  Moreover,

"doubts about the propriety of removal are resolved in favor of remand." *Justice v. Physicians Mut. Ins. Co.,* No. 05-62, 2008 U.S. Dist. LEXIS 66022 (W.D. Ky. Aug. 25, 2008) (citing *Long v. Bando Mfg. of Am. Inc.,* 201 F.3d 754, 757 (6th Cir. 2000)).  For these reasons, the court construes Count One as a state law claim pursuant to § 242 of the Kentucky Constitution.

This court is conscious that "when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed." *Novak v. MetroHealth Med. Center*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Thurman v. Daimler Chrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004)).  Having dismissed Count Two, the court will remand Count One to state court.

**III.    Motion for Fees and Costs Pursuant to Rule 11 and 28 U.S.C. § 1447(c)**

The Murphys' request for fees and costs associated with their motion to remand will be denied because there was an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the imprecise language of Count One made it difficult to discern whether the Murphys sought relief for a Fifth Amendment taking.  R. 1, Attach. 2.  Furthermore, in Count Two, the Murphys do not claim that any state law or regulation entitles them to litigation costs, and instead rely exclusively on provisions of the Uniform Relocation Assistance Act and related regulations.  The RUB. therefore had an objectively reasonable basis for removal.  The presence of that basis also precludes sanctions

6

for fees and costs under Rule 11 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11.  In addition, Rule 11 sanctions are inappropriate at this time due to the Murphys' failure to comply with procedural requirements for requesting such sanctions.  Rule 11 requires that "a motion for sanctions must be made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  Here, the Murphys simply added their request for sanctions to their motion for remand.  Rule 11 also requires that the motion for sanctions be served in accordance with Rule 5, and that the non-moving party be given 21 days after service or within another time set by the court to correct or withdraw the challenged paper, claim, defense, contention, or denial.  *Id.*  The Murphys did not serve RUB with a motion for sanctions, and the RUB was therefore not afforded an opportunity to cure any deficiency.  For these reasons, the Murphys are not entitled to fees and costs pursuant to 28 U.S.C. 1447(c), and the court rejects their request for sanctions pursuant to Rule 11.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART.**  Count Two is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Count One, the claim for inverse condemnation, is **REMANDED** to state court for further review in accordance with this opinion.

**IT IS FURTHER ORDERED** that the request for attorneys' fees pursuant to

Rule 11 and 28 U.S.C. § 1447(c) is **DENIED** for the reasons articulated in this

opinion.


Signed on  January 21, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY